In re Jerome J. GREGOROWICZ & Barbara H. Gregorowicz, i/t/a Haffey's Wheels & Skis, Debtors.

COLUMBIA COUNTY FARMERS NATIONAL BANK of ORANGEVILLE, Plaintiff,

v.

Jerome J. GREGOROWICZ & Barbara H. Gregorowicz, i/t/a Haffey's Wheels & Skis, Defendants.

Bankruptcy No. 5–80–00127.
Adv. No. 5–81–0165.

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 5, 1982.

John H. Doran, Wilkes-Barre, Pa., for debtors Gregorowicz.

Dale Derr, Bloomsburg, Pa., for Columbia County Farmers Farmers Bank and Northern Central.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The Plaintiff, Columbia County Farmers National Bank of Orangeville (the Bank), commenced an adversary proceeding seeking a determination of the non-dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(4) due to the debtors' sale of property which was encumbered by the Bank's security interest. Based upon the facts of the case the debt will be discharged.

## FINDINGS OF FACT

1. The debtors have operated an unincorporated business known as Haffey's Wheels and Skis since 1968.

2. The debtors became involved with the Bank in 1972 when it began extending credit to the debtors' business through inventory and floor plan financing.

3. Under the financing arrangement the debtors granted the Bank a security interest in their stock of motorcycles.

4. The terms of the security agreement required the debtors to inform the Bank upon the sale of any encumbered motorcycles.

5. Due to the neglect of one of the debtors' employees, the Bank was not notified of the sale of several motorcycles. The value of these vehicles was $6,416.00.

6. Upon realizing that the Bank had not been notified of these sales, the debtors promptly contacted Paul E. Reichert, Executive Vice President of the Bank, and belatedly informed him of the disposition of the motorcycles. The debtors also informed Reichert that they would like to explain to the board of directors of the Bank the circumstances surrounding the sale of the motorcycles.

7. The debtors delivered their explanation to the directors and apparently also requested a further extension of credit.

8. The board agreed to the request and granted the debtors a loan of $31,500 on August 22, 1975.

9. Of this loan only $13,370 represented new money, the remainder was a refinancing of pre-existing obligations.

10. The Bank failed to prove that the debtors converted or sold the motorcycles with fraudulent intent.

11. The debtors filed for relief under Chapter 11 of the Bankruptcy Code on March 18, 1980.

## DISCUSSION

The Bank seeks a determination of the non-dischargeability of a debt based upon the debtors' unauthorized sale of several motorcycles which were encumbered by the Bank's security interest. The Bank requests this relief based solely upon 11 U.S.C. § 523(a)(4) of the Bankruptcy Code. In pertinent part § 523 states as follows:

§ 523. *Exceptions to discharge*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) * * *

(2) * * *

(3) * * *

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(5) * * *

The burden of proof in an action to determine the non-dischargeability of a debt is on the plaintiff. *Harris v. Fidelity and Deposit Company of Maryland, (In Re Har-*

*ris),* 7 B.R. 284, 288–289 (S.D.Fla.1980). Furthermore, such exceptions to discharge are strictly construed against the plaintiff. *Truax & Hovey, Ltd. v. Grosso, (In Re Grosso),* 9 B.R. 815, 821 (Bkrtcy.N.D.N.Y. 1981).

■ As the quoted language indicates, § 523(a)(4) excepts from discharge debts incurred through three types of acts: certain acts by fiduciaries; embezzlement; and larceny. Under the first of these three a debt will not be declared non-dischargeable unless debtors were fiduciaries. The Bank does not contend that the debtors were fiduciaries nor is it readily apparent to the Court that they were such. As a result, the first basis for an exception to discharge under § 523(a)(4) is without applicability here. The second provision under § 523(a)(4), embezzlement, has been defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking." 3 Collier on Bankruptcy ¶ 523.-15(3) (15th ed. 1982). Even if we concede that the other elements of embezzlement are present, the element of fraudulent conversion is not, since we found that the debtors lacked the requisite intent to defraud the Bank. The debtors' sale of the motorcycles was unauthorized only because one of the debtors' employees failed to notify the Bank. The Bank has not averred that the debtors encouraged or ratified the employee's actions. Consequently, the neglect of the employee should not bar the dischargeability of the Bank's debt. The third provision of § 523(a)(4), larceny, is defined as "the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to his (the taker's) use without the consent of the owner. As distinguished from embezzlement, the original taking of the property was unlawful." *Id.* We find no larceny present in this case since the debtors lacked the requisite fraudulent intent and since the debtors were in lawful possession of the motorcycles at the time of their sale.

CONCLUSION OF LAW

The Bank has failed to prove that its debt is non-dischargeable under 11 U.S.C. § 523(a)(4).